UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| GEORGE STANLEY, ) | |
| ) | |
|     Plaintiff    ) | |
| ) | |
| v.   ) | 1:21-cv-00057-JAW |
| ) | |
| UNITED STATES POSTAL ) | |
| SERVICE, ) | |
| ) | |
|     Defendant    ) | |

**RECOMMENDED DECISION AFTER REVIEW
OF PLAINTIFF'S COMPLAINT**

Plaintiff alleges he was removed unlawfully from the premises of a post office location in Augusta, Maine. (Complaint, ECF No. 1.) In addition to his complaint, Plaintiff filed an application to proceed in forma pauperis (ECF No. 4), which application the Court granted. (ECF No. 5.) In accordance with the in forma pauperis statute, a preliminary review of Plaintiff's complaint is appropriate. 28 U.S.C. § 1915(e)(2). Following a review of Plaintiff's complaint, I recommend the Court dismiss the complaint.

**STANDARD OF REVIEW**

When a party is proceeding in forma pauperis, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom.  *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011).  A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "The relevant question ... in assessing plausibility is not whether the complaint makes any particular factual allegations but, rather, whether 'the complaint warrant[s] dismissal because it failed in toto to render plaintiffs' entitlement to relief plausible.'" *Rodríguez–Reyes v. Molina–Rodríguez*, 711 F.3d 49, 55 (1st Cir. 2013) (quoting T*wombly*, 550 U.S. at 569 n. 14).

 Although a pro se plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the complaint may not consist entirely of "conclusory allegations that merely parrot the relevant legal standard," *Young v. Wells Fargo, N.A.,* 717 F.3d 224, 231 (1st Cir. 2013). *See also Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980) (explaining that the liberal standard applied to the pleadings of pro se plaintiffs "is not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim").

### BACKGROUND FACTS

Plaintiff alleges he entered the post office at 40 Western Avenue in Augusta, Maine in February 2018 and stood in line to buy a stamp when security officials appeared and banned him from the facility. (Complaint at 6.)  Plaintiff also alleges that two to three individuals surrounded his van and photographed him and his passenger.  (*Id.*)  Plaintiff

attempted to speak about the matter with other officials but did not obtain any relief. (*Id.*) According to Plaintiff, he has been permanently barred from that location without written notice. (*Id.*)

## DISCUSSION

Some of Plaintiff's allegations are clearly not actionable under 42 U.S.C. § 1983. For example, Plaintiff's assertions of "rudeness," "overkill actions," and "overreactiony authoritarian false neg[ative] judgements," (*id.*), without more, do not implicate any constitutional rights. Plaintiff also asserts, however, that the postal officials' conduct violated his "freedom of speech to say 'Trump' etc" and was retaliatory for his complaints. (*Id.* at 5–6.)

When a First Amendment claim is asserted, the governing standard depends on the basis for the alleged restriction and the forum in which the speech restriction applies. Content-neutral laws, such as "time, place, or manner" restrictions, serve purposes "unrelated to the content of expression." *Ward v. Rock Against Racism*, 491 U.S. 781, 791 (1989). A law is content based if (1) "on its face" it "draws distinctions based on the message a speaker conveys," (2) it "cannot be justified without reference to the content of the regulated speech," or (3) it was "adopted by the government because of disagreement with the message the speech conveys." *Reed v. Town of Gilbert, Ariz.*, 576 U.S. 155, 163 (2015) (quotation omitted). A viewpoint-based law is "an egregious form of content discrimination" because it "targets not subject matter, but particular views taken by speakers on a subject. . . ." *Rosenberger v. Rector & Visitors of Univ. of Virginia*, 515 U.S. 819, 829 (1995).

3

Within a traditional public forum, such as a street or park, or within a designated public forum, content neutral restrictions are permissible if they "are narrowly tailored to serve a significant governmental interest, and . . . leave open ample alternative channels for communication of the information," *Ward*, 491 U.S. at 791, "but any restriction based on the content of the speech must satisfy strict scrutiny, that is, the restriction must be narrowly tailored to serve a compelling government interest." *Pleasant Grove City, Utah v. Summum*, 555 U.S. 460, 469 (2009). Restrictions based on viewpoint will not survive that scrutiny. *Id.* A government entity may also create a limited public forum or a non-public forum for "use by certain groups or dedicated solely to the discussion of certain subjects," *id.* at 470, with restrictions that are "reasonable in light of the purpose served by the forum," provided the restrictions do not "discriminate against speech on the basis of viewpoint." *Good News Club v. Milford Cent. Sch.*, 533 U.S. 98, 107 (2001). When a government acts as the speaker rather than the regulator of others' speech, it is "exempt from First Amendment scrutiny." *Johanns v. Livestock Mktg. Ass'n*, 544 U.S. 550, 553 (2005).

A postal office is generally analyzed as limited public or nonpublic forum because the facility is dedicated primarily to postal business with only narrow opportunities for public speech that is not disruptive to that business. *See United States v. Kokinda*, 497 U.S. 720, 732–34 (1990). In this case, Petitioner describes an encounter with postal office officials and other patrons, but he fails to identify any statements he made preceding or during the encounter that resulted in the ban of which he complains. Petitioner, therefore, has not alleged enough facts to permit a plausible inference of viewpoint discrimination or

4

a finding that the postal service regulations or enforcement policies are unreasonable given the purpose of the post office location. *See e.g.*, 39 CFR § 232.1(e), (h), (k), (o).

Plaintiff also invokes the First Amendment by referring to "retaliations for complaining in writing and verbal." (Complaint at 6.) "[A]s a general matter the First Amendment prohibits government officials from subjecting an individual to retaliatory actions" for engaging in activities covered by the First Amendment. *Hartman v. Moore*, 547 U.S. 250, 256 (2006). "Retaliation, though it is not expressly referred to in the Constitution, is nonetheless actionable because retaliatory actions may tend to chill individuals' exercise of constitutional rights." *Powell v. Alexander*, 391 F.3d 1, 16–17 (1st Cir. 2004). "To prevail on such a claim, a plaintiff must establish a causal connection between the government defendant's retaliatory animus and the plaintiff's subsequent injury." *Nieves v. Bartlett*, 139 S. Ct. 1715, 1722 (2019) (quotation omitted). Plaintiff did not identify the complaints he made and thus Plaintiff had not asserted facts that would support a finding that the ban was in retaliation for the exercise of his First Amendment rights. Plaintiff also has not asserted enough facts to permit an inference of retaliatory animus. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (A plausible pleading must do more than rely only on "labels," "conclusions," or "formulaic recitations of the elements," free from "further factual enhancement").

Plaintiff's allegations could arguably be construed to assert a due process claim based on the imposition of a long-term sanction without procedural protections. Based on Plaintiff's limited allegations, however, there is no basis to conclude that Plaintiff had a protected property or liberty interest in the ongoing use of a particular post office location.

*See Centro Medico del Turabo, Inc. v. Feliciano de Melecio*, 406 F.3d 1, 8 (1st Cir. 2005) (in either the procedural or substantive due process context, "a plaintiff, as a condition precedent to stating a valid claim, must exhibit a constitutionally protected interest in life, liberty, or property").[1]  In addition, to the extent Plaintiff intended to assert an equal protection "class of one" claim, the allegations do not support a finding that others who were similarly situated were treated differently or that the officials acted with the requisite intent to harm Plaintiff.  *See Snyder v. Gaudet*, 756 F.3d 30, 34 (1st Cir. 2014) (When an individual alleges the government singled that person out for reasons unique to the person, rather than for the person's membership in any group, that "class of one" claim requires the individual to show that he or she was "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment") (quoting *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam)).

In sum, Plaintiff does not allege enough facts to move any of his discernible legal claims "across the line from conceivable to plausible" entitlement to relief.  *Twombly*, 550 U.S. at 570.

---

[1] It might be theoretically possible to raise a colorable First Amendment claim based on postal service enforcement actions because of the importance of access to the mail for the exercise of protected speech rights.  *See City of Cincinnati v. Discovery Network, Inc.*, 507 U.S. 410, 427 (1993) ("A prohibition on the use of the mails is a significant restriction of First Amendment rights. We have noted that the United States may give up the Post Office when it sees fit, but while it carries it on the use of the mails is as much a part of free speech as the right to use our tongues") (internal quotation omitted).  Even if Plaintiff attempted to assert such a claim, without more facts, there is no basis to conclude that the loss of access to one particular post office location constitutes a sufficiently burdensome restriction on Plaintiff's First Amendment rights, given that he does not allege that he lacks access to alternate locations, mailboxes, and online services.

**CONCLUSION**

Based on the foregoing analysis, after a review in accordance with 28 U.S.C. § 1915, unless Plaintiff amends his complaint to assert an actionable claim within fourteen (14) days of the date of this recommended decision, I recommend the Court dismiss the complaint.

**NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 16th day of March, 2021.