UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| GEORGE STANLEY, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | 1:21-cv-00057-JAW |
| ) | |
| UNITED STATES POSTAL ) | |
| SERVICE, ) | |
| ) | |
| Defendant ) | |

**SUPPLEMENTAL RECOMMENDED DECISION AFTER REVIEW OF PLAINTIFF'S AMENDED COMPLAINT**

Plaintiff alleges he was removed unlawfully from the premises of a post office location in Augusta, Maine. (Complaint, ECF No. 1.) Plaintiff filed an application to proceed in forma pauperis (ECF No. 4), which application the Court granted. (ECF No. 5.)

After a preliminary review of Plaintiff's complaint in accordance with the in forma pauperis statute, 28 U.S.C. § 1915(e)(2), I recommended the Court dismiss the case unless Plaintiff amended his complaint to assert an actionable claim. (Recommended Decision at 7, ECF No. 8.) Plaintiff subsequently filed an amended complaint and an objection to the recommended decision. (ECF No. 9.)

Following a review of Plaintiff's additional allegations, I recommend the Court dismiss the complaint and the amended complaint.

## STANDARD OF REVIEW

When a party is proceeding in forma pauperis, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "The relevant question ... in assessing plausibility is not whether the complaint makes any particular factual allegations but, rather, whether 'the complaint warrant[s] dismissal because it failed in toto to render plaintiffs' entitlement to relief plausible.'" *Rodríguez–Reyes v. Molina–Rodríguez*, 711 F.3d 49, 55 (1st Cir. 2013) (quoting T*wombly*, 550 U.S. at 569 n. 14).

Although a pro se plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the complaint may not consist entirely of "conclusory allegations that merely parrot the relevant legal standard," *Young v. Wells Fargo, N.A.,* 717 F.3d 224, 231 (1st Cir. 2013). *See also Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980) (explaining that the liberal

standard applied to the pleadings of pro se plaintiffs "is not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim").

## BACKGROUND FACTS

Plaintiff alleges he entered the post office at 40 Western Avenue in Augusta, Maine in February 2018 to buy a stamp, (Complaint at 6), and while waiting to buy the stamp, said, "Would Trump be kept waiting in line?" (Amended Complaint at 1.) In response, a staff member accused Plaintiff of being rude. (*Id.*) Plaintiff asked to speak with a supervisor and another employee advised that Plaintiff should go to a nearby door. (*Id.*) Because the supervisor was out, Plaintiff said he would leave a written complaint on the supervisor's desk. (*Id.*) The other mail clerk repeatedly yelled at him not to open the supervisor's door or he would be arrested. (*Id.*) Plaintiff responded that he was not entering the room but was leaving a letter on the shelf of the door. (*Id.*) Plaintiff left a note and exited the building. When Plaintiff returned later that day, the supervisor would not speak with him. (*Id.*) Instead, the supervisor instructed a guard to escort Plaintiff out of the building. (*Id.*) Plaintiff alleges the guard told Plaintiff that he was banned and he was never to return. (*Id.*)

Plaintiff called the supervisor's boss numerous times, but he did not obtain the relief he sought. (*Id.* at 2.) Plaintiff wrote to a more senior Postal Service official located in Portland, but that official never responded to Plaintiff. (*Id.*) Plaintiff does not state whether he has been denied entry on any other occasion.

3

## DISCUSSION

To the extent Plaintiff intended to reassert his claims in the original complaint based on the rudeness of the postal officials, the allegations are not actionable under 42 U.S.C. § 1983. To the extent Plaintiff intended to invoke the First Amendment, he fails to state a free-speech claim because he provides no basis for a fact finder plausibly to infer viewpoint discrimination or that the postal service regulations and enforcement policies are unreasonable given the limited purpose of the post office location. *See e.g.*, 39 CFR § 232.1(e), (h), (k), (o); *United States v. Kokinda*, 497 U.S. 720, 732–34 (1990) (analyzing postal office as a limited public or nonpublic forum because the facility is dedicated primarily to postal business with only narrow opportunities for public speech that is not disruptive to that business). Plaintiff likewise fails to state a First Amendment retaliation claim because his allegations provide an insufficient basis to infer that any sanction was caused by retaliatory animus as a result of protected speech, *see Nieves v. Bartlett*, 139 S. Ct. 1715, 1722 (2019), and a due process claim would fail because Plaintiff has not established that he has "a constitutionally protected interest in life, liberty, or property" in the continued use of a particular post office location. *Centro Medico del Turabo, Inc. v. Feliciano de Melecio*, 406 F.3d 1, 8 (1st Cir. 2005).[1]

Plaintiff alleges that he is disabled, and he cites the Americans with Disabilities Act as well as a previous lawsuit he pursued in this District under the Act. *See Stanley v. Social Security Administration*, No. 2:14-cv-00313-JDL.

---

[1] The original recommended decision contains a more detailed analysis of the legal standards and claims Plaintiff might have intended to assert in the original complaint and maintain in the amended complaint.

> To prevail on a Title II [ADA] claim, a plaintiff must demonstrate: (1) that he is a qualified individual with a disability; (2) that he was either excluded from participation in or denied the benefits of some public entity's services, programs, or activities or was otherwise discriminated against; and (3) that such exclusion, denial of benefits, or discrimination was by reason of the plaintiff's disability.

*Buchanan v. Maine*, 469 F.3d 158, 170–71 (1st Cir. 2006) (quotation omitted).

Plaintiff claims he was removed from the post office because of his public speech or his efforts to file complaints against postal employees; Plaintiff has not alleged that he was barred from the premises on the basis of a disability, and he does not allege any facts to support a plausible inference that the alleged conflict occurred because of a disability. *See Shuper v. Pine Tree Legal Assistance*, No. 2:14-CV-00478-GZS, 2014 WL 7334073, at *2 (D. Me. Dec. 19, 2014) (dismissing complaint pursuant to § 1915(e) because there was "no allegation or inference" of denied service "because of her disability"); *Greene v. Ohio State Univ.*, No. 2:14-CV-1809, 2014 WL 6389573, at *5 (S.D. Ohio Nov. 14, 2014) (noting that plausibility standard applies at § 1915(e) preliminary review and recommending dismissal of discrimination claim because plaintiff failed to "provide any facts to support these conclusory allegations").

While under certain circumstances, an individual might assert facts to support an equal protection "class of one" claim, *see Snyder v. Gaudet*, 756 F.3d 30, 34 (1st Cir. 2014) (When an individual alleges the government singled that person out for reasons unique to the person, rather than for the person's membership in any group, that "class of one" claim requires the individual to show that he or she was "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment")

5

(quoting *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam)), Plaintiff has not alleged enough facts to support such a claim. A plaintiff must name similarly situated individuals in order to proceed, and a particularly "high degree" of similarity is required in some contexts, such as commercial regulation and land use planning. *Rectrix Aerodrome Centers, Inc. v. Barnstable Mun. Airport Comm'n*, 610 F.3d 8, 16 (1st Cir. 2010).[2] Here, Plaintiff has failed to identify any similarly situated individuals. Plaintiff, therefore, has failed to provide a basis to infer "that the [alleged] differential treatment was motivated by bad faith or malicious intent to injure," as is generally required for such claims. *Najas Realty, LLC v. Seekonk Water Dist.*, 821 F.3d 134, 144 (1st Cir. 2016) (quotation omitted).

## CONCLUSION

Based on the foregoing analysis and the analysis set forth in the prior recommended decision (ECF No. 8), after a review in accordance with 28 U.S.C. § 1915, I recommend the Court dismiss Plaintiff's complaint and amended complaint.[3]

## NOTICE

> A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district

---

[2] Some courts have recognized an exception to the requirement that a plaintiff identify similarly situated individuals in certain situations. For instance, some courts have recognized that disparate treatment and improper motive can sometimes be directly inferred if the government action is obviously unusual or "appear[s] illegitimate on [its] face." *Swanson v. City of Chetek*, 719 F.3d 780, 785 (7th Cir. 2013); *see also*, *Ecotone Farm LLC v. Ward*, 639 F. App'x 118, 124 (3d Cir. 2016). The First Circuit, however, has not adopted the exception. Furthermore, even if the First Circuit would recognize the exception, Plaintiff has not alleged facts from which a fact finder could reasonably infer the disparate treatment and animus necessary to support a claim.

[3] If the Court accepts the recommendation, Plaintiff's motion for service (ECF No. 7) would be moot.

court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 25th day of May, 2021.