UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| GEORGE STANLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:21-cv-00057-JAW |
| | ) |
| UNITED STATES POSTAL SERVICE, | ) |
| | ) |
| Defendant. | ) |

**ORDER AFFIRMING RECOMMENDED DECISION
OF THE MAGISTRATE JUDGE**

A pro se plaintiff objects to the Magistrate Judge's recommendation that the Court dismiss his complaint pursuant to 28 U.S.C. § 1915. The Court overrules the plaintiff's objection and dismisses the plaintiff's complaint. The plaintiff failed to state a plausible claim for relief under the Americans with Disabilities Act (ADA) because he did not claim that a public entity denied him services because of his disability.

**I.  BACKGROUND**

On February 18, 2021, George Stanley filed a pro se Complaint against the United States Postal Service (USPS). *Compl.* (ECF No. 1). On March 16, 2021, the Magistrate Judge recommended that the Court dismiss Mr. Stanley's Complaint under 28 U.S.C. § 1915(e)(2) for failure to state a plausible claim for relief under the First Amendment and the Fifth Amendment's Due Process Clause. *Recommended Decision After Review of Pl.'s Compl.* (ECF No. 8) (*Recommended Decision*).

On March 31, 2021, Mr. Stanley filed his Amended Complaint as an objection to the Recommended Decision. *Am. Compl.* (ECF No. 9). On May 25, 2021, the Magistrate Judge issued a supplemental recommended decision. *Suppl. Recommended Decision After Review of Pl.'s Am. Compl.* (ECF No. 10) (*Suppl. Recommended Decision*). Like the initial Recommended Decision, the Supplemental Recommended Decision recommended that the Court dismiss Mr. Stanley's First and Fifth Amendment claims for failure to state a claim upon which relief may be granted. *Suppl. Recommended Decision* at 4. In addition, the Magistrate Judge recommended that the Court conclude Mr. Stanley failed to state a claim under the Americans with Disabilities Act (ADA) because he "has not alleged that he was barred from the premises on the basis of a disability, and he does not allege any facts to support a plausible inference that the alleged conflict occurred because of a disability." *Id.* at 5. Accordingly, the Magistrate Judge recommended that the Court dismiss Mr. Stanley's Amended Complaint pursuant to 28 U.S.C. § 1915. *Id.* at 6.

On June 7, 2021, Mr. Stanley objected to the Magistrate Judge's Supplemental Recommended Decision. *Addendum & Resp. to Judge's Req. for Info* (ECF No. 11) (*Pl.'s Obj.*). Mr. Stanley's objection asserts he is disabled and claims "this firmly puts [his] case in ADA [purview]." *Id.* According to Mr. Stanley, his disability "radically affects case status." *Id.*

## II. DISCUSSION

The Court has reviewed and considered the Magistrate Judge's Recommended Decision and Supplemental Recommended Decision, together with the entire record,

2

and conducted a de novo review of the Magistrate Judge's determination that Mr. Stanley's Complaint and Amended Complaint should be dismissed under 28 U.S.C. § 1915. *See* 28 U.S.C. § 636(b)(1). The Court concurs with the recommendations of the Magistrate Judge for the reasons set forth in his Recommended Decision and Supplemental Recommended Decision.

The Court writes briefly here in response to Mr. Stanley's objection. Mr. Stanley urges that his disability permits him to bring a claim against the USPS under the ADA. As the Supplemental Recommended Decision explains, Mr. Stanley is simply wrong as a matter of law. *Suppl. Recommended Decision* at 4-5. To state a claim under the ADA, Mr. Stanley was required to plead "(1) that he is a qualified individual with a disability; (2) that he was either excluded from participation in or denied benefits of some public entity's services, programs, or activities or was otherwise discriminated against; and (3) that such exclusion, denial of benefits, or discrimination was by reason of [his] disability." *Buchanan v. Maine*, 469 F.3d 158, 170-71 (1st Cir. 2006) (quotation omitted).[1]

Here, Mr. Stanley alleges he is disabled and was denied access to the post office at 40 Western Avenue in Augusta, Maine. *Compl.* at 6; *Am. Compl.* at 1-2. The ADA, however, requires Mr. Stanley to plead that the USPS denied him services because of his disability. *Buchanan*, 469 F.3d at 171. He did not. Instead, Mr. Stanley's

---

[1] Although the Magistrate Judge did not address this issue, the USPS is almost certainly not a "public entity" that may be sued for violating the ADA because it is part of the federal government. *See* 42 U.S.C. § 12131 (defining "public entity" as "any State or local government," or "any department, agency, special purpose district, or other instrumentality of a State or States or local government," or "the National Railroad Passenger Corporation, and any commuter authority (as defined in section 103(8) of the Rail Passenger Service Act)"); *see also* 29 U.S.C. §§ 701, et seq. (The Rehabilitation Act of 1973).

Amended Complaint alleges that he was banned from the post office following a verbal altercation with USPS staff. *Am. Compl.* at 1. Therefore, dismissal of the Complaint and Amended Complaint is proper under 28 U.S.C. § 1915 because Mr. Stanley has failed to state a plausible ADA claim.

### III. CONCLUSION

1. The Court <u>AFFIRMS</u> the Recommended Decision of the Magistrate Judge (ECF No. 8) and <u>AFFIRMS</u> the Supplemental Recommended Decision of the Magistrate Judge (ECF No. 10).

2. The Court <u>DISMISSES</u> George Stanley's Complaint (ECF No. 1) and Amended Complaint (ECF No. 9) pursuant to 28 U.S.C. § 1915.

3. The Court <u>DISMISSES</u> as moot George Stanley's Motion for Service (ECF No. 7).

SO ORDERED.

<u>/s/ John A. Woodcock, Jr.</u>
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 18th day of June, 2021